MANATT, PHELPS & PHILLIPS, LLP
SHARON B. BAUMAN (Bar No. CA 179312)
CHRISTIAN E. BAKER (Bar No. CA 247006)
One Embarcadero Center, 30th Floor
San Francisco, CA 94111
Telephone: (415) 291-7400
Facsimile: (415) 291-7474

*Attorneys for Defendants*
CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA; and BLUE SHIELD OF CALIFORNIA EXECUTIVE VICE PRESIDENTS' AND SENIOR VICE PRESIDENTS' SEVERANCE PAY PLAN

McGUINN, HILLSMAN & PALEFSKY
CLIFF PALEFSKY (CA Bar No. 77683)
KEITH EHRMAN (CA Bar No. 106985)
535 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 421-9292
Facsimile: (415) 403-0202

LAW OFFICE OF WILLIAM REILLY
WILLIAM REILLY (CA Bar No. 177550)
86 Molino Ave.
Mill Valley, CA 94941
(415) 225-6215

*Attorneys for Plaintiff*
LOUIS LOMBARDO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LOUIS LOMBARDO,<br><br>          Plaintiff,<br><br>     vs.<br><br>BLUE SHIELD OF CALIFORNIA, a corporation, and BLUE SHIELD OF CALIFORNIA EXECUTIVE VICE PRESIDENTS AND SENIOR VICE PRESIDENTS SEVERANCE PAY PLAN, an employee benefit plan,<br><br>          Defendants. | Case No. 3:16-cv-05411<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER FOR ARBITRATION** |

Plaintiff Louis Lombardo ("Lombardo"), and Defendants California Physicians' Service d/b/a Blue Shield of California and Blue Shield of California Executive Vice Presidents' and Senior Vice Presidents' Severance Pay Plan (collectively, "Blue Shield"), through their counsel of record, hereby agree and stipulate as follows:

1. This action was filed on September 21, 2016 in the United States District Court, Northern District of California, Case No. CGC-3:16-cv-05411 (the "Action");

2. Defendants were served on September 27, 2016;

3. Defendants filed their Motion to Compel Arbitration on November 28, 2016;

4. Lombardo, who is a former employee of Blue Shield, entered into a written severance pay plan with Blue Shield which had a provision for the parties to submit claims arising out of the agreement to binding arbitration;

5. Lombardo will file a demand for arbitration with ADR Services;

6. The parties hereto agree that this Action will be adjudicated in binding arbitration through ADR Services, and have chosen the Hon. James Lambden to arbitrate the dispute;

7. Blue Shield of California has agreed to pay for the costs and fees charged by ADR Services and the arbitrator resulting from the arbitration, except as set forth below;

8. If the parties cannot resolve all discovery disputes without involving the arbitrator, and if the arbitrator requires briefing of any kind by the parties with regard to a discovery dispute raised by Lombardo, or if the arbitrator is required to devote more than one hour of time to resolving a discovery dispute raised by Lombardo, then Lombardo shall be required to pay for 50% of the fees charged by the arbitrator with regard to the discovery dispute. However, to the extent Lombardo withdraws any such motions or cancels a hearing on such motions, he shall be required to pay 100% of the fees charged by the arbitrator with regard to the motions (unless the reason that the motion was withdrawn or the hearing was canceled was because Blue Shield complied entirely with the demands made by Lombardo in his motion);

9. If Lombardo files any potentially dispositive motions (for example, a motion for summary judgment), Lombardo shall be responsible for paying 50% of the arbitrator's fees for time spent by the arbitrator on such motion(s) (*e.g.*, time spent reviewing the motion, time spent

hearing the motion, time spent ruling on the motion, etc.). To the extent Lombardo withdraws any such motions he has filed or cancels a hearing on such motions, he shall be required to pay 100% of the fees charged by the arbitrator with regard to the motions. Notwithstanding the foregoing provisions, Lombardo shall not be responsible for paying any of the arbitrator's fees if Lombardo is simply filing a dispositive cross-motion in response to a dispositive motion filed by Blue Shield.

10. Lombardo will pay half of the initial filing fee and his -nonrefundable administrative fee charged to each party by ADR Services, and Blue Shield will pay the remainder of the initial filing fees and all other administrative fees going forward;

11. The parties hereto agree that Blue Shield is not waiving its right to seek enforcement of the prevailing party provision included in the severance pay plan.. The parties also agree that Lombardo is not waiving his right to argue to the arbitrator that Lombardo should not be (or cannot be) required to pay the costs of arbitration or Blue Shield's attorneys' fees in the event that Blue Shield is the prevailing party.

12. The parties agree that, if the Hon. James Lambden is unable or unwilling to serve as the arbitrator in this matter, this Stipulation is void and of no effect.

NOW THEREFORE, and subject to the above, the parties hereto agree that:

13. Lombardo will file a demand for binding arbitration of this Action in its entirety to the Hon. James Lambden at ADR Services.

14. The Action should be stayed in its entirety while the case is submitted to binding arbitration.

IT IS SO STIPULATED.

Dated: January 25, 2017                    MANAT, PHELPS & PHILLIPS, LLP

By: _____
Christian E. Baker
*Attorneys for Defendants*
CALIFORNIA PHYSICIANS' SERVICE
D/B/A BLUE SHIELD OF CALIFORNIA;
and BLUE SHIELD OF CALIFORNIA
EXECUTIVE VICE PRESIDENTS' AND
SENIOR VICE PRESIDENTS'
SEVERANCE PAY PLAN

Dated: January 24, 2017                         McGUINN, HILLSMAN & PALEFSKY

By: _____
Cliff Palefsky
*Attorneys for Plaintiff*
LOUIS LOMBARDO

IT IS ORDERED that this Action shall be stayed.

Dated: January 25, 2017          By: _____
Richard Seeborg
United States District Judge